UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

CAROL GAYLOR,
an individual,

   Plaintiff,

vs.

REGIONS FINANCIAL CORPORATION,
a Delaware Corporation,

   Defendant.

CASE NO.:

# COMPLAINT

Plaintiff, CAROL GAYLOR, through her undersigned counsel, hereby files this Complaint and sues REGIONS FINANCIAL CORPORATION, a Delaware Corporation, for injunctive relief, attorney's fees and costs pursuant to 42 U.S.C. § 12181 et. seq., ("AMERICANS WITH DISABILITIES ACT" or "ADA") and allege:

## JURISDICTION AND PARTIES

1. This is an action for declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181, et. seq., (hereinafter referred to as the "ADA"). This Court is vested with original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343.

1

2. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b) and Rule 3.1, Local Rules of the United States District Court for the Northern District of Georgia.

3. Plaintiff, CAROL GAYLOR, (hereinafter referred to as "MRS. GAYLOR"), is a resident of White County, Georgia.[1]

4. Plaintiff is a qualified individual with a disability under the ADA. Plaintiff suffers from fibromyalgia, as well as multiple herniated disks in her neck and back. As a result, she is permanently disabled.

5. Due to her disability, Plaintiff is substantially impaired in several major life activities including walking and standing and utilizes a cane for mobility.[2]

6. Defendant REGIONS FINANCIAL CORPORATION, a Delaware Corporation, (hereinafter referred to as "DEFENDANT"), is registered to do business in the State of Georgia. Upon information and belief, DEFENDANT is the owner and/or operator of the real property and improvements which are the subject of this action, to wit: the Property, generally located at 15 W. Kytle St, Cleveland, GA 30528.

7. All events giving rise to this lawsuit occurred in the Northern District of Georgia, White County, Georgia.

---

[1] Mrs. Gaylor splits her time between a residence in St. Johns County, Florida and White County, Georgia.
[2] Plaintiff is capable of walking short distances without assistance on good days.

## COUNT I - VIOLATION OF TITLE III OF THE AMERICANS WITH DISABILITIES ACT

8. Plaintiff realleges and incorporates into this cause of action each and every allegation contained in the previous paragraphs of this Complaint.

9. The Property, a Regions Bank branch location, is open to the public and provides goods and services to the public.

10. MRS. GAYLOR has visited the Property several times over the past few months to review the various account and loan offerings available at the Property. Her husband previously had an account with the bank so she is generally familiar with the company. She last visited in mid-August of 2024 to review their offerings again.

11. However, while at the Property, MRS. GAYLOR experienced serious difficulty accessing the goods and utilizing the services therein due to the architectural barriers more fully discussed below.

12. MRS. GAYLOR continues to desire to use the banking services at the Property because it is conveniently located in the Cleveland, Georgia area, but fears that she will again encounter serious difficulty and unequal treatment due to the barriers discussed herein, which still exist.

13. Consequently, MRS. GAYLOR is currently deterred from visiting the Property to utilize the goods and services offered thereon until such time as the barriers to access are removed. It is simply too difficult and dangerous for MRS.

GAYLOR to park, maneuver to the bank entrance and get service inside due to the barriers which affect her disability.

14. Defendant is in violation of 42 U.S.C. § 12181 et. seq. and 28 C.F.R. § 36.304 et. seq. and is discriminating against the Plaintiff due to Defendant's failure to provide and/or correct, *inter alia,* the following architectural barriers which hindered Plaintiff's access throughout the Defendant's Property:

    A. Plaintiff encountered that both of the parking spaces intended for ADA use are inaccessible due to excessive slopes and pavement in disrepair. Additionally, these ADA parking spaces are not located along the shortest accessible route to a property entrance. These conditions made it difficult and dangerous for Plaintiff to utilize the parking lot and increased her risk of a fall while getting into and out of her vehicle.

    B. Plaintiff encountered that both of the parking spaces intended for ADA use are inaccessible due to the lack of any adjacent access aisle for the spaces. Additionally, neither of the intended ADA spaces is designated as a "van access" space with larger dimensions. These conditions made it difficult and dangerous for Plaintiff to utilize the parking lot and increased her risk of injury from nearby vehicular traffic while getting into and out of her vehicle.

    C. Plaintiff encountered an inaccessible curb ramp connecting the ADA parking spaces discussed above with the nearby Property sidewalk due to running slopes in excess of 1:12, side flare slopes in excess of 1:10 and pavement in disrepair. These conditions increased Plaintiff's risk of a fall and required that she use extra caution maneuvering over these ramps.

    D. Plaintiff encountered inaccessible sidewalks throughout the Property due to excessively steep slopes without the provision of handrails and pavement in disrepair. These conditions made it difficult for Plaintiff to maneuver over the Property sidewalks to the bank entrance and increased her risk of a fall.

15. Defendant either does not have a policy to assist people with disabilities or refuses to enforce such a policy if it does exist.

16. Removal of the barriers to access located on the Property is readily achievable, reasonably feasible and easily accomplishable without placing an undue burden on Defendant.

17. Removal of the barriers to access located on the Property would allow Plaintiff to fully utilize the goods and services located therein.

18. The Plaintiff has been obligated to retain undersigned counsel for the filing and prosecution of this action.  Plaintiff is entitled to have her reasonable

attorney's fees, costs, and litigation expenses paid by Defendant.

WHEREFORE, the Plaintiff demands judgment REGIONS FINANCIAL CORPORATION, and requests the following injunctive and declaratory relief:

- A. That the Court declares that the Property owned and operated by DEFENDANT is in violation of the ADA;

- B. That the Court enter an Order directing DEFENDANT to alter its property to make it accessible and useable by individuals with disabilities to the full extent required by Title III of the ADA;

- C. That the Court enter an Order directing DEFENDANT to evaluate and neutralize its policies and procedures towards persons with disabilities for such reasonable time so as to allow DEFENDANT to undertake and complete corrective procedures;

- D. That the Court award reasonable attorney's fees, costs (including expert fees), and other expenses of suit, to the Plaintiff; and

- E. That the Court award such other and further relief as it deems necessary, just and proper.

Respectfully Submitted,

        KU & MUSSMAN, P.A.
        18501 Pines Blvd, Suite 362
        Pembroke Pines, FL 33029
        Tel: (305) 891-1322
        Fax: (954) 686-3976

By: */s/ John A. Moore*
        John A. Moore, Esq.
        Georgia Bar No.: 519792
        Of Counsel
        The Moore Law Group, LLC
        1745 Martin Luther King Jr., Drive
        Atlanta, GA 30314
        Tel.: (678) 288-5601
        Fax: (888) 553-007
        Email: jmoore@moorelawllc.com
        *Attorney for Plaintiff*